UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TIFFANI FINCH, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>AARP,<br><br>     Defendant. | Case No.  4:26-cv-00208-SMR-SBJ<br><br>**DEFENDANT AARP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFF'S CLASS ACTION ALLEGATIONS**<br><br>**(ORAL ARGUMENT REQUESTED)** |

COMES NOW Defendant AARP, by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), hereby moves to dismiss Plaintiff Tiffani Finch's ("Plaintiff") Complaint (ECF No. 1), or, in the alternative, moves to strike her proposed class definitions. This Motion is made on the following grounds:

1. AARP is a 501(c)(4) tax-exempt nonprofit corporation incorporated under the laws of Washington, D.C.  Accordingly, under the Telephone Consumer Protection Act ("TCPA"), Plaintiff's claims are precluded because the TCPA expressly exempts nonprofits from having to comply with the statute and its regulations.

2. The text messages allegedly sent by AARP did not violate the TCPA because Plaintiff gave "prior express invitation or permission" to receive AARP's text messages and did not use a reasonable method to "clearly express" her desire to no longer receive all of AARP's text messages.

3. The AARP text messages Plaintiff allegedly received are not actionable under the TCPA because Congress only created a private cause of action to recover for a "telephone call" made in violation of the regulations prescribed under TCPA regulations.  Under its plain, ordinary

meaning, a "telephone call" is not a "text message" as it is a distinct and separate form of communication.

4.      The text messages allegedly received by Plaintiff are also not actionable because none of the text messages encourage the purchase or rental of, or investment in, property, goods, or services. The text messages were informational.

5.      Count III should be dismissed because Plaintiff failed to allege plausible facts to suggest AARP willfully and knowingly violated the TCPA.

6.      Plaintiff lacks standing to obtain injunctive relief because she failed to allege a continuing harm; her request is premised only on alleged past harm.

7.      Plaintiff's class actions allegations should be stricken because she improperly proposes two "fail safe" classes—*i.e.*, a class in which a member's qualification is dependent on a finding on the merits.  Moreover, Plaintiff also proposed a class that is impermissibly overbroad.

WHEREFORE, for all the reasons stated above and those more fully explained in its memorandum of law in support of the Motion, Defendant AARP respectfully requests that the Court schedule oral argument on this motion and issue an order dismissing Plaintiff's Complaint in its entirety and with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, strike her class action allegations under Rule 12(f), along with granting AARP all other relief the Court deems just and proper.  Defendant AARP also requests a hearing on its Motion.

Respectfully submitted,

Dated: June 19, 2026

/s/ Benjamin R. Merrill

Benjamin R. Merrill, AT0009789
BROWN, WINICK, GRAVES, GROSS AND
BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309
Telephone: 515-242-2487
Facsimile: 515-323-0231
Email: ben.merrill@brownwinick.com

Adam L. Littman (*pro hac vice* forthcoming)
ArentFox Schiff LLP
800 Boylston Street, 32nd Floor
Boston, MA 02199
Phone: (617) 973.6100
Fax: (617) 367.2315
Email: adam.littman@afslaw.com

John M. Hindley (*pro hac vice* forthcoming)
ArentFox Schiff LLP
1717 K Street, N.W.
Washington, D.C. 20006-5344
Ph: (202) 350.3621
Fax: (202) 857.6395
Email: john.hindley@afslaw.com

ATTORNEYS FOR DEFENDANT, AARP

## CERTIFICATE OF SERVICE

I certify that on June 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will serve all counsel of record.

/s/ Helen Mollenbeck

Helen Mollenbeck, Legal Assistant

3